IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nicole E. Kita, | ) | C/A No.: 3:14-4408-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| Oger Lee Guess, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the motion of Nicole E. Kita ("Plaintiff") for a default judgment against Oger Lee Guess ("Defendant"). [ECF No. 37]. When a defendant defaults, the court is to accept as true the well-pleaded factual allegations in the complaint as to defendant's liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). If the court determines that liability is established, it must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780–81. Unlike allegations of fact, the court does not accept allegations regarding damages as true, but rather makes its own independent determination. *See e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). In this regard, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

The Clerk of Court is directed to notice a hearing for the motion for July 15, 2015 at 10:00 a.m. At the hearing, Plaintiff will be responsible for proving her damages. In addition, Plaintiff is responsible for proving she is entitled to attorneys' fees in this

matter. The undersigned notes that Plaintiff has dismissed the federal causes of action in this case. [ECF No. 35]. Plaintiff has brought only state law causes of action against Defendant, but Plaintiff's claim for attorneys' fees in the complaint is based on federal law. [ECF No. 1]. Additionally, many of the attorneys' fees requested by Plaintiff appear to relate primarily to Plaintiff's federal causes of action, the causes of actions against other defendants, or are not specific to the task. [ECF No. 37-2].

Assuming that Plaintiff can show she is entitled to attorneys' fees, the court considers the following factors in determining what constitutes a reasonable number of hours and the appropriate hourly rates (i.e., in calculating the lodestar fee): (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978); *Jackson v. Estelle's Place, LLC*, No. 09-1700, 2010 WL 3190697, *4 (4th Cir. Aug. 12, 2010). Although the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all may affect the fee in a given case. "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which

are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." *E.E.O.C. v. Serv. News Co.*, 898 F.2d 958, 965 (4th Cir. 1990). In determining whether a rate is reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (*quoting Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Further, this court's Local Rule 54.02(A) provides that attorneys' fee petitions must comply with *Barber* "and shall state any exceptional circumstances and the ability of the party to pay the fee." Local Rule 54.02(A) (D.S.C.).

The Clerk of Court is directed to send by certified mail the following to Defendant at the address listed in ECF No. 18-1: (1) a copy of this order; (2) the notice for a hearing; and (3) Plaintiff's motion for default judgment

IT IS SO ORDERED.

*Shiva V. Hodges*

June 15, 2015                                            Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge